UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-029S |
| | : | |
| JUAN CUTHBERT | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. §

3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms

of his supervised release and, if so, to recommend a disposition of this matter.  In compliance with

that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, Defendant

appeared for a revocation hearing on October 31, 2016, at which time Defendant, through counsel

and personally, admitted that he was in violation of his supervised release conditions as to the

charged violations.  At this hearing, I ordered Defendant detained pending a final sentencing hearing

before Chief Judge William E. Smith.

Based upon the following analysis and the admission of Defendant, I recommend that the

Defendant be committed to the Bureau of Prisons for a term of fourteen months of incarceration with

no further supervised release.

### Background

On September 9, 2016, the Probation Office petitioned the Court for the issuance of an arrest

warrant.  On that day, the District Court ordered the issuance of an arrest warrant.  Defendant was

arrested and brought before the Court for a revocation hearing on October 31, 2016  at which time

Defendant knowingly and voluntarily admitted to the following charge:

> **Violation No. 1:  While on supervised release, Defendant shall not commit another federal, state or local crime.**
>
> On January 20, 2016, Defendant committed the offense of Manufacture/Deliver/Possess with Intent Schedule V Drug, as evidenced by his arrest by the Providence Police Department.

As Defendant has admitted this charge, I find he is in violation of the terms and conditions

of his supervised release.

At the October 31, 2016 hearing, the Government withdrew the following charge with

prejudice:

> **Violation No. 2:   While on supervision, Defendant shall not commit another federal, state or local crime.**
>
> On August 27, 2016, Defendant committed the offense of Driving Under the Influence of Liquor – First Offense .10-.15, as evidenced by his arrest by the Smithfield Police Department.

The Government's request to withdraw this charge, with prejudice, was granted.

### Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a

condition of supervised release, the Court may extend the term of supervised release if less than the

maximum term was previously imposed.  The maximum term of supervised release was previously

imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised

release and require the Defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term or supervised release without credit

for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor.

Defendant was on supervision for a Class C felony.  Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized statutory maximum term of supervised release is three years.  There has been a total of twelve months and one day imprisonment previously imposed for violations of supervised release.  Therefore, the Court may impose the above-noted statutory maximum, minus the twelve months and one day previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision.  Defendant has committed a Grade A violation.  Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-

half of the minimum term is satisfied by imprisonment.  Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  There is no restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced.  Defendant had a Criminal History Category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  Defendant committed a Grade A violation and has a Criminal History Category of VI.  Therefore, the applicable range of imprisonment for this violation is twenty-four months restricted by statute from thirty-three to forty-one months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is presently serving a sentence at the ACI for a delivery of marijuana conviction. See State v. Cuthbert, P2-2016-0974.  Defendant pled nolo on September 19, 2016 and received a

five-year sentence with six months to serve and fifty-four months suspended with probation.  He also faces a pending DUI charge.  See State v. Cuthbert, P3-2016-2829A.  He admitted to a supervised release violation based on the marijuana distribution conviction and the Government withdrew a violation charge based on the DUI charge.

This is Defendant's second serious violation case.  The messy circumstances of his first violation are summarized in my prior Report and Recommendation.  (Document No. 29 at pp. 6-8).  He received a sentence of one year and one day.

Defendant recommenced supervised release on September 25, 2015 and, within four months, he was arrested on January 20, 2016 for selling marijuana.  He has admitted to a Grade A violation, and his guideline range is thirty-three to forty-one months but restricted by statute to a maximum of twenty-four months.  The parties made a joint sentencing recommendation of fourteen months of incarceration with no further supervised release.  I find the joint recommendation to be reasonable, given the totality of the facts and circumstances of this second violation and thus it is adopted and recommended to the District Court.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that the Defendant be committed to the Bureau of Prisons for a term of fourteen months of incarceration with no further supervised release.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.  LR Cr 57.2; Fed. R. Crim. P. 59.  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District

Court and the right to appeal the District Court's Decision. <u>United States v. Valencia-Copete</u>, 792

F.2d 4 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).


   <u>/s/ Lincoln D. Almond</u>
LINCOLN D. ALMOND
United States Magistrate Judge
November 3, 2016